1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LYNDON B. MILLER,                        CASE NO. 10-cv-882 GSA LJO

12              Plaintiff,                     FINDINGS AND RECOMMENDATIONS TO
13                                             DISMISS CASE AND IMPOSE
          vs.                                  MONETARY SANCTIONS
14
     SEARS HOLDING CORPORATION,
15              Defendant.
16   _____/

17
                            **BACKGROUND**
18
            This case was removed from the Tuolumne County Superior Court by Defendant Sears Holding
19
     Corporation ("Defendant") on May 14, 2010.  (Doc. 1).  On May 17, 2010, a Clerk's notice was issued
20
     directing David Axelrod to submit a Petition to Practice in the Eastern District of California.[1]  On May
21
     17, 2010, this Court also issued a Scheduling Conference Order and set a Scheduling Conference for
22
     August 24, 2010.  (Doc. 4-1).[2]  The Scheduling Conference Order required Plaintiff's appearance at the
23

24          [1] Mr. Axelrod did not submit an application as required by the Clerk's notice.

25          [2]  The Court notes that after the case was removed to this Court, all notices and orders have been served on
     Plaintiff's counsel, David Axelrod electronically at sierralaw2@yahoo.com and sierralaw@gmail.com.  As of October 14,
26   2010, David Axelrod's e-mail address was listed with the state bar as sierralaw@gmail.com.  *See*,
     http://members.calbar.ca.gov/search/member_detail.aspx?x=138790.  Additionally, after the scheduling conference on August
27   24, 2010 was held, the Court received a phone call from Mr. Axelrod's office indicating that Defense counsel's declaration
     was not accurate.  The Court indicated that Mr. Axelrod would have an opportunity to respond at the Order to Show Cause
28   hearing.  Mr. Axelrod did not appear.

                                    1

1   scheduling conference and submission of a joint scheduling conference report one week prior to the
2   hearing. (Doc. 4-1 at pg. 2). The Scheduling Conference Order specifically indicated that if counsel or
3   a party failed to appear at the mandatory scheduling conference, or failed to comply with the directions
4   in the scheduling conference order, and ex parte hearing may be held and judgment of dismissal, default,
5   or other appropriate judgment may be entered, including sanctions and contempt of court. (Doc. 4-1 at
6   pg. 8 lines 17-21).

7         On August 17, 2010, Defendant submitted a scheduling report. (Doc. 6). In an attached
8   declaration, Defendant's counsel, Kelley Suzanne Elkins, Esq., indicated that she had spoken to
9   Plaintiff's counsel, David Axelrod, regarding the preparation of the joint scheduling conference report.
10  (Doc. 6-1 at pg. 1-2). Pursuant to their conversation, she alleges she faxed Mr. Axelrod a draft of the
11  joint report so that he could make revisions, but did not receive any feedback from him despite numerous
12  attempts to contact him. *Id.* On August 24, 2010, a scheduling conference was held. (Doc. 7).
13  Plaintiff's counsel did not appear for the conference, nor did he submit a scheduling conference report.

14        On August 31, 2010, this Court issued an order requiring Plaintiff's attorney to personally appear
15  on September 16, 2010, and show cause why sanctions, including dismissal of this action, should not
16  be imposed for failure to comply with this Court's Scheduling Conference Order and to prosecute this
17  action. (Doc. 8). The order specifically informed Plaintiff's counsel that, "[f]ailure to respond to this
18  Order to Show Cause will result in dismissal of this action." (Doc. 8 at pg. 2). Plaintiff's counsel failed
19  to respond to this Order to Show Cause ("OSC") and did not appear at the hearing held on September
20  16, 2010. (Doc. 9).

21                                      **DISCUSSION**

22        *A.    Dismissal*

23        Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local
24  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
25  sanctions . . . within the inherent power of the Court." District courts have the inherent power to
26  control their dockets and "in the exercise of that power, they may impose sanctions including, where
27  appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
28  1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

2

action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v.
Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of
address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an
action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the
court must consider several factors: (1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
policy favoring disposition of cases on their merits; and (5) the availability of less drastic
alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130;
Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the first and second factors, the public's interest in
expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor
of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  The
third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption
of injury arises from any unreasonable delay in prosecuting an action.  Anderson v. Air West, 542
F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their
merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a
party that  failure to obey the court's order will result in dismissal satisfies the "consideration of
alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
1424.

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court
may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its
attorney: (A) fails to appear at a scheduling or other pretrial conference .... or (C) fails to obey a
scheduling or other pretrial order." Fed.R.Civ.P. 16(f). Rule 37(b)(2)(A)(ii)-(vii), which is referenced

3

in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> **(v) dismissing the action or proceeding in whole or in part;**
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii) (emphasis added).  Here, the Court's scheduling conference order clearly informed Plaintiff that a joint scheduling report and attendance at the scheduling conference was mandatory and that failure to comply with the order would result in sanctions including dismissal of the case. (Doc. 4).   Additionally, the Order to Show Cause issued by this Court on August 13, 2010, was clear that dismissal would result if Plaintiff's counsel did not respond.

This district has a numerous cases and the ability to efficiently manage its docket in large part is dependent upon attorneys fulfilling their professional obligations and responsibilities.  When attorneys do not appear as required, the Court's time is wasted. This Court would simply be hard-pressed to manage its current caseload without the cooperation of the attorneys who practice before it. Therefore, harsh consequences are required to offset the drain on judicial resources at the hands of attorneys who fail to make required appearances.  In this instance, Plaintiff's attorney was adequately advised of the consequences of failing to obey the Court's order, yet did not appear when given the opportunity to explain his non-appearance at an Order to Show Cause hearing.  Thus, dismissal of this action is appropriate.  <u>See</u>, <u>Nascimento v. Dummer</u>, 508 F. 3d 905 (9th Cir. 2007) (District Court did not abuse its discretion when dismissing case without prejudice for Plaintiff's failure and Plaintiff's attorney's failure to appear at a schedule pretrial conference or otherwise prepare for trial).

### *B.   Monetary Sanctions*

Finally, Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed.R.Civ.P.

16(f)(2).   Plaintiff's counsel not only abused the Court's judicial resources but also caused unnecessary time and expense to be expended by opposing counsel.  Mr. Axelrod has not submitted any evidence that the noncompliance was substantially justified or other circumstances make an award of expenses unjust.  Accordingly, Defendant is entitled to reasonable attorney fees for the preparation and appearance at the scheduling conference.  Within ten days of the District Court's adoption of these Findings and Recommendations Defendant shall submit proof of the expenses incurred as a result of Plaintiff's non-appearance.  Failure to timely submit the requisite evidence may be a waiver of the right to fees.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with a court order and Plaintiff's failure to prosecute.[3]  Moreover, this Court recommends that Mr. Axelrod, Plaintiff's attorney, pay Defendant reasonable attorney fees according to proof.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within **fifteen (15)** days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[3] The Court elects not to dismiss this action with prejudice because Plaintiff, Mr. Lyndon Miller, should not be unduly prejudiced for the actions of his attorney.

IT IS SO ORDERED.

**Dated:**   **October 20, 2010**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE